UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL BRANDON ADAMS, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )    No.    3:11-cv-599 |
| | )             *Phillips* |
| | ) |
| DAVID OSBORNE, GARRY MURRAY, | ) |
| JEFF NANCE, RUSTY HALL, | ) |
| DEAN HALL, TIM HEARNS, | ) |
| and TOM HOGAN, | ) |
| | ) |
|     *Defendants*. | ) |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss the complaint filed by defendants Garry Murray, Jeff Nance, Rusty Hall, Dean Hall, Tim Hearns, and Tom Hogan, and plaintiff's response to the dispositive motion. For the following reasons, the motion to dismiss the complaint [Court File No. 29] will be **GRANTED**. In addition, the matter will be **DISMISSED** as to defendant David Osborne, and this action will be **DISMISSED IN ITS ENTIRETY**.

I.     Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He filed his complaint during his confinement in the Morgan County Correctional Complex (MCCX). The defendants are former MCCX Warden David Osborne, Associate Warden Garry Murray, Corrections Officer Jeff Nance, Classification Coordinator Rusty Hall, Disciplinary Board Chairman Dean Hall, Internal Affairs Officer Tim Hearns, and Counselor Tom Hogan.

Plaintiff alleges that from May 26, 2011, until June 8, 2011, he was held in administrative segregation pending a disciplinary hearing for possession of contraband. According to plaintiff, he was placed in an unsanitary cell and given a dirty bed-roll. Plaintiff alleges that while in segregation, he was not allowed to change his clothes or take a shower, and was denied his personal property, including his religious property. He also alleges that, despite filling out the standard diet form indicating that he was allergic to eggs and that he could not eat pork for religious reasons, his breakfast every day, with the exception of two days, consisted of eggs and/or pork. Plaintiff claims that the foregoing violated his Eighth Amendment right against cruel and unusual punishment and his First Amendment right to religious freedom.

Petitioner also alleges that the manner in which the disciplinary proceedings were conducted, and his subsequent reclassification from minimum restricted custody to close custody, violated his Fourteenth Amendment right to due process. He also claims that he lost personal property when he was placed in segregation in addition to good time credits. In addition to the alleged constitutional violations, plaintiff alleges that the defendants violated numerous TDOC policies as well as the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, et seq. (RLUIPA).

III.  Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton*

*Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

To the extent plaintiff alleges the defendants violated TDOC policies, such an allegation fails to state a claim under § 1983. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). *See also Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (State authorities "may have been required to follow their own procedural statutes and regulations on parole ... as a matter of *state* law, but there is not now any viable legal theory by which [] state authorities are required to follow such procedural rules as a matter of *federal* due process."); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) ("It is settled that 'a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.'") (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984)); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992) ("failure to comply with a state regulation is not itself a constitutional violation").

Plaintiff does not allege that defendants Garry Murray, Jeff Nance, Rusty Hall, Dean Hall, Tim Hearns, and Tom Hogan were personally involved as to his claims regarding the

conditions of his confinement while in administrative segregation.  To the extent plaintiff seeks to hold the defendants liable on these or other claims based upon their supervisory positions, he cannot do so.  In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant.  *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).  "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Accordingly, plaintiff's complaint fails to state a claim against the defendants in this respect.

Plaintiff alleges that defendants Tim Hearns and Dean Hall were involved in his disciplinary proceedings, during which he claims he was denied due process.  Under the Fourteenth Amendment, a prisoner is entitled to due process prior to the imposition of sanctions which implicate a protected liberty interest, such as the loss of good-conduct credits.  The minimum procedures appropriate under the circumstances and required by the due process clause in any given case depends on the severity of the penalty imposed, such as the loss of good time as opposed to the loss of privileges.  *Wolff v. McDonnell*, 418 U.S. 539 (1974).

In 1995, the Supreme Court changed the methodology a court must employ in determining whether a state has created a protected liberty interest entitling an inmate to the

5

procedural protections afforded by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472 (1995). Although the states may, under certain circumstances, create protected liberty interests through prison regulations, the court should no longer examine the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion but rather should focus on the particular discipline imposed and ask whether it presents an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. *See also Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) ("The plaintiff's placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*, within the context of his life sentence."). Plaintiff's two weeks in segregation is not an "atypical and significant hardship" and thus did not create a liberty interest that would entitle him to due process. In addition, plaintiff's claim that he was denied due process in his prison disciplinary proceedings would implicate the validity of his disciplinary conviction and resulting sanctions, and thus is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Based upon the foregoing, plaintiff has failed to state a claim as to defendants Dean Hall and Tim Hearns with respect to his disciplinary proceedings.

With respect to plaintiff's allegation against defendants Jeff Nance and Rusty Hall that he was denied due process when he was reclassified to close custody, "[t]he federal Constitution, standing alone, does not confer upon prisoners a 'liberty interest' in any

particular form of confinement." *Martucci v. Johnson*, 944 F.2d 291, 294 (6th Cir. 1991). "State law, not federal constitutional law, is the only possible source of a liberty interest in a particular security classification or in assignment to a particular type of state penal institution." *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992).

Plaintiff cites *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986) for the proposition that Tennessee law created a liberty interest as to his security classification for purposes of a due process analysis. As the U.S. District Court for the Western District has observed, however, with respect to TDOC reclassification regulations, "the regulations and their descendants, adopted since *Beard*, have eliminated the mandatory language that limits the discretion of the warden in classification decisions." *Harrison v. Raney*, 837 F. Supp. 875, 879 (W.D. Tenn. 1993). Thus, *Beard* "no longer applies to current TDOC classification and transfer regulations." *Id*. at 880. "TDOC regulations do not create a liberty interest requiring state officials to afford any due process under the Fourteenth Amendment before either reclassification or transfer of inmates in TDOC custody." *Id*. Based upon the foregoing, plaintiff has failed to state a claim as to defendants Jeff Nance and Rusty Hall with respect to his security reclassification.

Plaintiff's complaint fails to state claim against the defendants. Accordingly, the motion to dismiss filed by defendants Garry Murray, Jeff Nance, Rusty Hall, Dean Hall, Tim Hearns, and Tom Hogan is well-taken and will be **GRANTED**.

The court notes that process was returned unexecuted on defendant David Osborne on January 19, 2012. Service of the summons and complaint has not been made on defendant

7

Osborne within 120 days after the filing of the complaint and the plaintiff has not shown good cause why service was not made within that period. Accordingly, this action will be **DISMISSED** as to defendant David Osborne. Rule 4(m) of the Federal Rules of Civil Procedure. There being nothing further to be done in the case, this action will be **DISMISSED IN ITS ENTIRETY**.

IV. Conclusion

The motion to dismiss filed by defendants Garry Murray, Jeff Nance, Rusty Hall, Dean Hall, Tim Hearns, and Tom Hogan will be **GRANTED**, the matter will be **DISMISSED** as to defendant David Osborne, and this action will be **DISMISSED IN ITS ENTIRETY**.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge